NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY MCKIBBEN, <br><br>            Plaintiff-Appellee, <br><br>    v. <br><br> WILLIAM KNUTH, Officer; et al., <br><br>            Defendants-Appellants. | No.    18-17011 <br><br> D.C. No. 3:17-cv-08009-JWS <br><br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Argued and Submitted September 9, 2019
San Francisco, California

Before: GOULD, BEA, and FRIEDLAND, Circuit Judges.

Timothy McKibben brought a lawsuit under 42 U.S.C. § 1983 against

Sedona, Arizona police officer William Knuth alleging that Knuth used excessive

force in violation of the Fourth Amendment by taking down McKibben, pressing

his face into the ground, and crushing his hand. Knuth moved for summary

judgment on the basis of qualified immunity. The district court denied Knuth's

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

motion, and he appealed.  We affirm.

1.  We have jurisdiction over Knuth's appeal to the extent it turns on a legal question.  *See Johnson v. Jones*, 515 U.S. 304, 313 (1995).  Knuth insists on appeal that McKibben was resisting Knuth's wristlock even prior to McKibben's attempt to spin away, despite the presence of some evidence to the contrary.  We lack jurisdiction to consider this factual dispute.  Knuth also contends, however, that he is entitled to qualified immunity regardless of how that dispute is resolved because his use of force was objectively reasonable and was not prohibited by clearly established law.  We have jurisdiction to decide that legal question.  *See Plumhoff v. Rickard*, 572 U.S. 765, 772-73 (2014).

2.  The district court did not err in denying Knuth qualified immunity.  Viewing the evidence in the light most favorable to McKibben, Knuth violated clearly established law by taking down McKibben with a leg sweep.  Knuth used force significant enough to cause McKibben injuries that at least included fractures or dislocations of multiple bones in his hand, broken skin on his face, and a black eye.  Even assuming McKibben actively resisted detention by attempting to spin away from the wristlock, *see Mattos v. Agarano*, 661 F.3d 433, 445-46 (9th Cir. 2011) (en banc), a jury could find that the attempt was so likely to be futile that McKibben—a 64-year-old man who weighed about 130 pounds—posed no threat to Knuth.  A jury could also find that McKibben was ninety yards away from a

2

construction crew working in the area, so a reasonable officer would not have perceived any threat to the workers. And it is undisputed that Knuth knew that McKibben was only suspected of committing minor offenses. To the extent McKibben posed no threat and was only resisting arrest for minor offenses, it was clearly established that use of force sufficient to cause serious injury would be unconstitutionally excessive. *See LaLonde v. County of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000).

A jury could also find that Knuth continued applying excessive force after McKibben was on the ground and fully controlled by Knuth. In his deposition, McKibben testified that, while on the ground, he felt Knuth's hand press his face into the ground and felt his hand get crushed into the ground. It was clearly established that "[g]ratuitous and completely unnecessary acts of violence by the police during a seizure violate the Fourth Amendment." *Fontana v. Haskin*, 262 F.3d 871, 880 (9th Cir. 2001); *see also Headwaters Forest Def. v. County of Humboldt*, 240 F.3d 1185, 1199 (9th Cir. 2000), *vacated and remanded on other grounds*, 534 U.S. 801 (2001).

**3.** Knuth concedes that his entitlement to state law immunity from McKibben's assault and battery claim rises and falls with Knuth's entitlement to qualified immunity. *See* Ariz. Rev. Stat. § 13-413 ("No person in this state shall be subject to civil liability for engaging in conduct *otherwise justified* pursuant to the

3

provisions of this chapter." (emphasis added)); *see also* Ariz. Rev. Stat. § 13-409 (explaining when the use of force is "justified"). Because a jury could find that Knuth's use of force was objectively unreasonable, Knuth is not entitled to immunity under Arizona law. *See Marquez v. City of Phoenix*, 693 F.3d 1167, 1176 (9th Cir. 2012).

Finally, state law immunity is inapplicable to McKibben's negligence claim. *See Ryan v. Napier*, 425 P.3d 230, 239 (Ariz. 2018) (holding that the justification defense in Ariz. Rev. Stat. § 13-409 "is either redundant or immaterial, and therefore inapplicable, in negligence actions brought against law enforcement officers").

**AFFIRMED.**